IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-CR-40035-1-NJR |
| | ) |
| TERRELL E. PORTER, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**ROSENSTENGEL, District Judge:**

Defendant Terrell Porter filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines (Doc. 99). The motion was referred to the Federal Public Defender's office, and Assistant Federal Public Defender Thomas Gabel entered his appeared on behalf of Defendant Daniels (Docs. 102, 103). Mr. Gabel has now moved to withdraw claiming that Defendant Porter is ineligible for a sentence reduction under Amendment 782 because he was sentenced to a statutory mandatory minimum (Doc. 106). The Government agrees with Mr. Gabel's conclusion (Doc. 108). Defendant Porter was given an opportunity to respond to Mr. Gabel's motion to withdraw (Doc. 107), but he did not do so.

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the

effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity Table in § 2D1.1 of the Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses.

Unfortunately for Defendant Porter, Amendment 782 does not reduce his applicable guideline range. At sentencing, the Court determined that Defendant Porter had a base offense level of 27 and a criminal history category of III, which resulted in a guideline range of 87–108 months. Because Defendant Porter had previously been convicted of a felony drug offense, however, he was subject to a 120-month statutory mandatory minimum sentence (Doc. 33). 21 U.S.C § 841(b)(1)(B). Consequently, the mandatory minimum sentence became the guideline sentence. U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(c)(2). The Court sentenced Defendant Porter to the 120-month mandatory minimum. While Amendment 782 lowers his base offense level by two levels, Defendant Porter's guideline range remains the 120-month mandatory minimum. Because Amendment 782 does not reduce his applicable guideline range, a sentence reduction under § 3582(c)(2) is not authorized.

For these reasons, Mr. Gabel's Motion to withdraw (Doc. 106) is **GRANTED**. Defendant Porter's motion for a sentence reduction (Doc. 99) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   March 16, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**